## Judge Hellerstein

Christopher M. Schierloh (CS-6644)
Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ACE AMERICAN INSURANCE COMPANY
a/s/o MICHAEL WACH

      Plaintiff,

  - against -

AL GROVER'S HIGH & DRY MARINA, INC.

      Defendant.
------------------------------------------------------------X

2008 Civ.

**COMPLAINT**

  Plaintiff, ACE AMERICAN INSURANCE COMPANY (hereinafter "ACE"), by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

### PARTIES

  1. At all material times, ACE, was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 140 Broadway, 40th Floor, New York, New York 10005 and was at all material times the insurer of Michael Wach, owner of a 2006 23' Grady White Gulf Stream.

  2. At all material times, Michael Wach was the owner a 2006 23' Grady White Gulf Stream (hereinafter "vessel"), a recreational sporting vessel with hull identification number NTLCZ238J506.

3. At all material times, Defendant, AL GROVER'S HIGH & DRY MARINA, INC. (hereinafter "Al Grover's") was and still is a business entity duly organized and existing under the laws of the state of New York, with a place of business located at 500 South Main Street, Freeport, New York, 11520.

## JURISDICTION

4. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

5. On or about October 1, 2007, Mr. Wach contracted Al Grover's for the winterization and indoor storage of the vessel for the 2007/2008 winter season.

6. The vessel was not stored indoors.

7. On or about November 25, 2007, while in the care and custody of Al Grover's, the vessel was stolen from the Marina.

8. As a result of the theft of the vessel, the vessel sustained damage.

9. The damages sustained to the vessel were not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of breach of contract, breach of bailment, negligence, fault, neglect and gross negligence of Al Grover's.

10. At all times relevant hereto, a contract of insurance for property damage was in effect between Michael Wach and ACE, which provided coverage for, among other things, loss or damage to the vessel.

11. Pursuant to the aforementioned contract of insurance between Michael Wach and ACE, monies have been expended on behalf of Michael Wach, to the detriment of ACE due to the theft and damages sustained.

12. Due to the theft and damages sustained, the vessel and Michael Wach sustained damages and ACE has paid the value of the insurance policy to Michael Wach.

13. As ACE has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, ACE has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

14. ACE brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested, as their respective interests may ultimately appear, and ACE is entitled to maintain this action.

15. By reason of the foregoing, ACE has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $85,226.79.

16. All and singular the matters alleged herein are true and correct. ACE reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, ACE prays:

1. The Court order, adjudge and decree that defendant, AL GROVER'S HIGH & DRY MARINA, INC., be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs.

2. That this Court grants to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
     June 3, 2008
     230-37

                                          CASEY & BARNETT, LLC
                                          Attorneys for ACE

By: _____
     Christopher M. Schierloh (CS-6644)
     Gregory G. Barnett (GGB-3751)
     317 Madison Avenue, 21st Floor
     New York, NY 10017
     (212) 286-0225