UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   08 CV 5228
ACE AMERICAN INSURANCE COMPANY
a/s/o MICHAEL WACH,                                            **ANSWER**

                Plaintiff,

    -against-

AL GROVER'S HIGH & DRY MARINA, INC.,

               Defendant.
-----------------------------------------------------------X

       Defendant, AL GROVER'S HIGH & DRY MARINA, INC., by its attorneys, FARBER BROCKS & ZANE, L.L.P. as and for its Answer to the Complaint, respectfully alleges upon information and belief, as follows:

## PARTIES

    1.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1" and "2" of the plaintiff's Complaint.

## JURISDICTION

    2.    Denies each and every allegation contained in paragraph "4" of the plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

## FACTS

    3.    Denies each and every allegation contained in paragraph "5" of the plaintiff's Complaint, except admit that on or about October 1, 2007, Mr. Wach contracted Al Grover's for

the winterization and storage of the vessel for the 2007/2008 winter season and respectfully refers to the actual agreement for its full and complete terms and condition.

4. Denies each and every allegation contained in paragraphs "6" of the plaintiff's Complaint, except admit that at the time of the theft, the Vessel was being winterized outdoors.

5. Denies each and every allegation contained in paragraphs "7" of the plaintiff's Complaint, except admit that the Vessel was stolen from the Marina

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the plaintiff's Complaint.

7. Denies each and every allegation contained in paragraph "9" of the plaintiff's Complaint.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "10", "11" and "12" of the plaintiff's Complaint.

9. Denies each and every allegation contained in paragraph "13" of the plaintiff's Complaint.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "14" of the plaintiff's Complaint.

11. Denies each and every allegation contained in paragraphs "15" of the plaintiff's Complaint.

12. Denies each and every allegation contained in paragraph "16" of the plaintiff's Complaint and respectfully refers all questions of law to this honorable court for its ultimate determination.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. Whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged in the Complaint, were in whole or in part the result of the plaintiff's subrogor's assumption of risk in realizing and knowing the hazard and dangers thereof, and that the plaintiff and plaintiff's subrogor assumed all the risks necessarily incidental to such undertaking.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. If the plaintiff's subrogor sustained any personal injuries or damages as alleged in the Complaint, such injuries or damages were caused, aggravated or contributed to by the plaintiff's and plaintiff's subrogor's failure to take reasonable efforts to mitigate damages, and any award made to the plaintiff must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. If the plaintiff sustained any damages alleged, which damages are expressly denied, then all such damages will have been caused or brought about in whole or in part by the affirmative wrongdoing, fault, negligence, and failure of due care (hereinafter culpable conduct) of plaintiff and plaintiff's subrogor, and any recovery should be thereby diminished in the proportion which plaintiff's and plaintiff's subrogor culpability bears to the conduct which caused the alleged damages pursuant to CPLR Section 1411.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16.     The Court lacks subject matter jurisdiction over this claim.


WHEREFORE, defendant, AL GROVER'S HIGH & DRY MARINA, INC. demands judgment:

(A)     Dismissing the Verified Complaint;

(B)     Awarding it judgment on its cross-claims for apportionment, contribution and indemnification, breach of contract, including attorney and investigate fees;

(C)     Awarding it costs and disbursements of this action;

(D)     Awarding it such other and further relief that this court may deem just and proper.


Dated:  Mineola, New York
        July 31, 2008

                                        (Pursuant to Rule 130-1.1-a)
                                        FARBER BROCKS & ZANE L.L.P

                                        By: _____
                                            BRADEN H. FARBER (BF 7175)
                                        Attorney for Defendant
                                        AL GROVER'S HIGH &
                                        DRY MARINA, INC.,
                                        51 Charles Street, 2nd Floor
                                        Mineola, New York 11501
                                        (516) 739-5100
                                        File No.: 436-4235

TO:

Casey & Barnett, LLC
Attorneys for Plaintiff
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225